UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 5:21-cr-00223

JASON SHORTRIDGE.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Jason Shortridge's motion for a variance, made at the sentencing hearing conducted on July 7, 2023. The matter is ready for adjudication.

### I.

On June 10, 2022, a jury convicted Mr. Shortridge of (1) Attempted Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and (2) Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). [Doc. 120]. The Court calculated his advisory guideline range at 210 to 262 months of imprisonment followed by 5 years to a lifetime of supervised release. [July 7, 2023 Sent'g Tr. 13]. In his sentencing memoranda and at his sentencing hearing, Mr. Shortridge moved for a variance below the otherwise applicable guideline range on numerous grounds. [Docs. 133, 167; July 7, 2023 Sent'g Tr. 14-26, 30-31].[1] He ultimately seeks a sentence of 72 months of imprisonment followed by 10 years of supervised

---

[1] Given that Mr. Shortridge's Second Supplemental Sentencing Memorandum [Doc. 167] substantively covers the grounds for variance asserted in his original Sentencing Memorandum [Doc. 133], the Court hereafter cites only to the Second Supplemental Sentencing Memorandum [Doc. 167].

release. [Doc. 167 at 2; July 7, 2023 Sent'g Tr. 22, 23]. The Government responded at the sentencing hearing and requested a sentence within the guideline range. [July 7, 2023 Sent'g Tr. 26-30]

## II.

In fashioning a defendant's sentence, a district court must "place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. 2020) (quoting *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted)). As part of this requirement, "a district court 'must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments.'" *Id.* (alteration in original) (quoting *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (citations omitted)). "The court's explanation 'should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (alterations in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). "When a district court has fully addressed the defendant's 'central thesis' during sentencing, it need not 'address separately each supporting data point marshalled' for a downward variance." *United States v. Fowler*, 58 F.4th 142, 153-54 (4th Cir. 2023) (quoting *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020)).

## III.

### A. Nature and Circumstances of the Offense

Mr. Shortridge first contends the nature and circumstances of his offense support a

variance. [Doc. 167 at 3-4; July 7, 2023 Sent'g Tr. 14-16]. At the time of his arrest, he notes no active files on his computer contained child pornography and no child pornography was found on any of his other devices. In fact, unlike other defendants who possess vast libraries of such material, the only evidence of child pornography on his computer were thumbcache database files, which were automatically generated by his operating system, and deleted files on the unallocated portion of his hard drive. Mr. Shortridge asserts he was unable to access such files without specialized software. Further, according to Mr. Shortridge, the evidence established he only viewed the vast majority of videos once and only used the file-sharing software for a limited time before deleting it.

While the Court has no reason to dispute the specific facts highlighted by Mr. Shortridge, the conclusions he draws from them are unconvincing. As the Government notes, the evidence at trial established Mr. Shortridge's *modus operandi*. [PSR at 5-11]. He would search for, download, view, and then delete child pornography. *Id.* This pattern of behavior evinces an intent to view child pornography and avoid detection. When viewed in this light, the facts emphasized by Mr. Shortridge make perfect sense. He attempted to remove any evidence of child pornography by deleting videos before viewing them a second time. Although Mr. Shortridge contends he only sought adult pornography, several of his search terms belie that contention. *Id.* at 10 n.6. Moreover, despite Mr. Shortridge's assertion that file destruction software is commonplace nowadays, it squares with his efforts to avoid detection. And finally, while Mr. Shortridge deleted the file-sharing software prior to his arrest, that fails to outweigh the significant inculpatory evidence against him.

Mr. Shortridge also asserts that the Court should vary based on the jury's split verdict. [Doc. 167 at 3-4; July 7, 2023 Sent'g Tr. 14-16]. But while he was acquitted on the

distribution counts, the jury convicted Mr. Shortridge of attempted distribution [Doc. 119], and in calculating the guideline range, the Court determined the Government had established, by a preponderance of the evidence, Mr. Shortridge had distributed child pornography [July 7, 2023 Sent'g Tr. 11]. Accordingly, the facts and circumstances of Mr. Shortridge's offense do not warrant a variance.

**B. U.S.S.G. § 2G2.2**

Next, Mr. Shortridge requests a variance based on purported flaws in U.S.S.G. § 2G2.2. [Doc. 167 at 4-20; July 7, 2023 Sent'g Tr. 16-22]. While recounting the development of the guideline, Mr. Shortridge notes the base offense level and several enhancements have resulted from Congressional directives rather than empirical studies undertaken by the Sentencing Commission. In particular, citing criticism from the Sentencing Commission, federal judges, and the Department of Justice, Mr. Shortridge focuses on base offense level increases over time and the enhancements for use of a computer, the number of images, material involving prepubescent minors, and material portraying sadistic or masochistic conduct. After calculating his applicable guideline range, Mr. Shortridge concludes the resulting punishment bears no rational relationship to the severity of his offense.

As an initial matter, while "district courts *may* 'vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines,'" *United States v. Engle*, 592 F.3d 495, 502 (4th Cir. 2010) (emphasis added) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks and alteration omitted)), there is no requirement that they do so. Assuming, as Mr. Shortridge asserts, the base offense level has been driven by Congressional directive, that is no reason to vary. Congress and its research division is often peculiarly positioned to identify certain offenses as more serious than others and to prescribe harsh

punishment. Our Court of Appeals has noted that "district courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that [child pornography crimes] are serious offenses deserving serious sanctions." *United States v. Morace*, 594 F.3d 340, 347 (4th Cir. 2010) (alteration in original) (quoting *United States v. Hecht*, 470 F.3d 117, 182 (4th Cir. 2006)). While some may disagree with Congress's assessment, the Court declines Mr. Shortridge's invitation to fashion its own value judgments for specific offenses.

As for the enhancements for the number of images, material involving prepubescent minors, and material portraying sadistic or masochistic conduct, the Court similarly finds Mr. Shortridge's arguments unpersuasive. At the outset, while true these enhancements apply in the vast majority of cases, their frequency establishes nothing about the aggravating nature of the underlying conduct. Furthermore, although increased internet speeds have reduced the time necessary to download a given number of files, the quantity of images and videos still relates to the severity of child pornography offenses in the same way that the quantity of controlled substances or the value of stolen property relate to other offenses. In other words, the more of an illegal object or substance, the more severe the crime. Were it otherwise, as the Government notes, a more efficient defendant would be rewarded. Moreover, while the enhancements for material involving prepubescent minors and material portraying sadistic or masochistic conduct do not account for the number of such images, it does not follow, as Mr. Shortridge suggests, that no such enhancements should be applied at all. Indeed, in cases involving a disproportionately higher number of such images, the Court could simply vary upward, reflecting the increased severity. However, with respect to the enhancement for use of a computer, and in view of the particular circumstances in this case, a variance is appropriate.

Mr. Shortridge additionally urges the Court to adopt the Sentencing Commission's

recommendation that three factors be considered in determining the severity of non-production child pornography offenses: (1) the content of the defendant's collection and nature of collecting behavior; (2) the degree of the defendant's involvement in an internet community devoted to child pornography; and (3) the extent that the defendant engaged in sexually abusive or exploitative conduct prior to, or concurrently with, the instant offense. [Doc. 167 at 4-20; July 7, 2023 Sent'g Tr. 16-22]. With respect to the first factor, Mr. Shortridge notes he possessed fewer images than the median offender, but acknowledges he utilized a file-sharing program and that some images depicted sadistic or masochistic conduct. He further denies being involved in an internet community, and no evidence exists of prior sexual misconduct.

Again, the Court is under no obligation to follow rigidly the factors recommended by the Sentencing Commission but subsequently not adopted by Congress. *See* U.S. Sent'g Comm'n, *Federal Sentencing of Child Pornography: Non-production Offenses* (2021), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf. But even were the Court to evaluate Mr. Shortridge based on these non-binding factors, the severity of his offense remains largely unchanged. Although Mr. Shortridge possessed fewer images than the median offender, as previously discussed, his *modus operandi* was to search for, download, view, and then delete child pornography. This pattern evinces an intent to view child pornography and avoid detection. Moreover, as Mr. Shortridge acknowledges, he utilized file-sharing software and obtained sadistic and masochistic materials, in addition to materials depicting prepubescent minors. Even without being involved in an internet community or having any prior sexual offenses, the content of Mr. Shortridge's collection and the nature of his collecting behavior raise serious concerns. The suggested factors therefore also fail to support a variance.

*C. Personal History and Characteristics*

Mr. Shortridge lastly contends a variant sentence is warranted based on his personal history and characteristics. [Doc. 167 at 20-21; July 7, 2023 Sent'g Tr. 22-24]. He notes he is 40 years old and a lifelong resident of West Virginia. He emphasizes the continued support from his wife as well as a friend and co-worker. He also reports he has maintained steady employment and has no prior criminal history or substance abuse issues. Taking all of this together, Mr. Shortridge contends he presents a low risk of recidivism, especially considering he will remain on supervised release for a significant time.

While Mr. Shortridge has several positive personal characteristics weighing in his favor, particularly his support network, lack of criminal history, and steady employment history, these factors fail to outweigh the conduct in this case, which has been thoroughly discussed. Moreover, to this point, Mr. Shortridge has refused to accept any responsibility for his actions. Accordingly, although he has presented some mitigating factors, they do not warrant a variance in view of the totality of the circumstances.

**IV.**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Shortridge's motion for a variance.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, and the United States Probation Officer.

ENTER:   August 21, 2023

Frank W. Volk
United States District Judge